# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| TOM ALLEN MANUEL, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-138-JMS-WGH |
| J.F. CARAWAY, | ) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Tom Allen Manuel, a current inmate of the Federal Correctional Institution at Terre Haute, Indiana ("FCI – Terre Haute"), brings this action pursuant to 28 U.S.C. § 2241 alleging that his sentence has been incorrectly calculated. Specifically, Manuel asserts that he has not been properly awarded sentence credit for time he spent in state custody. For the reasons explained below, Manuel's petition is **denied**.

## I. Background

As noted, Manuel is a federal prisoner currently incarcerated at the FCI Terre Haute. Manuel is serving a term of imprisonment of 51 months imposed by the United States District Court for the Western District of Michigan pursuant to his conviction of being a felon in possession of a firearm/ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 941(a) Manuel currently has a projected release date (via Good Conduct Time release) of August 11, 2016, and a full term expiration date of February 27, 2017.

## II. Facts

On January 22, 2010, Manuel was arrested by State of Michigan authorities on a state parole violation with respect to a Michigan conviction in cause number 98-020182-FC-0. On May 24, 2010, while he was in the primary custody of the State of Michigan, Manuel was "borrowed" by federal authorities pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Western District of Michigan.

On October 27, 2010, Manuel was sentenced by the United States District Court for the Western District of Michigan to a term of imprisonment of 51 months. In imposing that sentence, the court ordered that Manuel receive credit for all of the time he spent in federal custody beginning on May 24, 2010 (the day Manuel was "borrowed" from Michigan's primary custody to federal custody pursuant to the writ) but also stated that the court expressed "no intention on what credit, if any, that defendant [Manuel] receives from the BOP for any state custodial time before May 24, 2010."

On November 9, 2010, Manuel's Michigan parole with respect to his conviction in cause number 98-020182-FC-0 was formally revoked. Michigan credited Manuel with the period of May 24, 2010, through May 4, 2013 (the date of Manuel's release from Michigan custody) toward that sentence. Manuel was returned to State of Michigan custody on November 9, 2010, by the United States Marshal Service and remained in Michigan custody from November 9, 2010, until May 4, 2013.

Manuel was released from Michigan custody on May 4, 2013, and he was taken into federal custody that day. Manuel was given credit against his federal sentence for the period of May 24, 2010 (when Manuel was "borrowed" from state custody pursuant to the writ) through October 27,

2010 (when Manuel was sentenced by the federal district court). Manuel was not given credit for the time served from October 28, 2010, through November 9, 2010 (after his federal sentencing but before his return to Michigan's primary custody) because that time was credited against his State of Michigan parole violation sentence. Manuel was not credited for the period of time of November 10, 2010, through May 3, 2013 (the day before his release from Michigan custody) because that time was also credited against his Michigan sentence.

### III. Discussion

Through his § 2241 petition, Manuel challenges the calculation of his federal sentence. Manuel argues that he is entitled to credit against his federal sentence for the period of time that he spent in custody between October 28, 2010 and May 4, 2013. The respondent argues that because Manuel was given credit toward his Michigan sentence for that time, he is not entitled to receive credit against his federal sentence for this time.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the Bureau of Prisons. *See* 28 C.F.R. § 0.96. The computation of federal sentences is governed by 18 U.S.C. § 3585. Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; (3) *that has not been credited against another sentence*." (emphasis added); *see also Wilson*, 503 U.S. at 333.

A federal sentence does not commence until the Attorney General receives the prisoner into custody for service of the federal sentence. *Pinaud v. James,* 851 F.2d 27, 30-31 (2nd Cir. 1988); 18 U.S.C. § 3585(b). In Manuel's case, that date was May 4, 2013. Manuel was not given credit for time he spent in custody before May 4, 2013, except for the time he spent in federal custody from May 24, 2010, through October 27, 2010. This is because a federal sentence cannot commence before the date it was pronounced, even if it is made concurrent with a sentence already being served. *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006); *see also United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").[1]

In short, Manuel seeks credit against his federal sentence for time that he spent in custody before his federal sentence commenced and that was credited against his Michigan sentence. Because he already received credit against his Michigan sentence for this time, the time cannot be credited against the federal sentence. *See United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1998) (Bureau of Prisons properly decided not to award credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting); 18 U.S.C. § 3585(b). Manuel therefore has failed to demonstrate any error in the calculation of his sentence by the Bureau of Prisons. Further, Manuel's motion for summary judgment is procedurally improper in the habeas setting and adds no support to Manuel's position. Accordingly, that motion [dkt 14] is **denied**.

---

[1] In fact, consistent with the district court's order, Manuel was given credit toward his federal sentence for the period from May 24, 2010 through October 27, 2010, but he may not have been entitled to that credit since that period was credited against his Michigan sentence.

4

## IV. Conclusion

For the foregoing reasons, Manuel's habeas petition is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/13/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Tom Allen Manuel
Reg. No. 14849-040
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel